**Elaine CANDELORE, Plaintiff–Appellant,**

v.

**CLARK COUNTY SANITATION DISTRICT; James E. Gans; Michael G. Pierson; Fred Turnier, Does I Thru XXX, Inclusive, Defendants–Appellees.**

**No. 91–15015.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 1992.

Decided Sept. 14, 1992.

John J. Tofano, Las Vegas, Nev., for plaintiff-appellant.

Carol R. Davis, Beckley, Singleton, De-Lanoy, Jemison & List, Chartered, Las Vegas, Nev., for defendants-appellees.

Before: SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.

PER CURIAM:

Elaine Candelore appeals the district court's summary judgment dismissal of her section 1983 action against Clark County Sanitation District, et al. *See Candelore v. Clark County Sanitation Dist.*, 752 F.Supp. 956 (D.Nev.1990). Candelore alleged in her complaint that while employed at the Clark County Sanitation District she suffered age and sex discrimination. She also claimed that the sexual harassment she experienced supported a claim for intentional infliction of emotional distress under Nevada law.

Candelore's principal legal contentions on appeal involve her allegations that a co-worker was having a romantic affair with one or more of Candelore's supervisors.

■ As Candelore recognizes, in order to prevail on her claim of sex discrimination in violation of the Constitution, she must be able to establish intentional discrimination pursuant to the standards developed under Title VII. 42 U.S.C. § 2000e et seq. (1981 & Supp.1992); *See Peters v. Lieuallen,* 746 F.2d 1390 (9th Cir.1984). The Title VII implementing regulation upon which Candelore relies provides:

Other related practices: Where employment opportunities or benefits are granted because of an individual's submission to the employer's sexual advances or requests for sexual favors, the employer may be held liable for unlawful sex discrimination against other persons who were qualified for but denied that employment opportunity.

29 C.F.R. 1604.11(g). Candelore, however, has never identified employment opportunities or benefits that were extended to less qualified female co-workers who responded to sexual overtures from work supervisors.

Nor does she claim that she was denied any benefits because she spurned a supervisor's sexual advances. Rather, Candelore alleges that one of her co-workers had an affair with one or two District supervisors and, as a result, this co-worker apparently received favorable treatment while Candelore grew increasingly frustrated in her position. Because Candelore failed to identify employment benefits or opportunities that she was entitled to but did not receive, she has not stated a prima facie case of discrimination under Title VII.

■ Candelore's claim that conduct engaged in by co-workers created a sexually charged environment, sufficiently oppressive to support a hostile work environment claim, also fails. Much of the evidence relied on by Candelore in establishing the actual or rumored affairs involved conduct away from the workplace or outside business hours. A co-worker's romantic involvement with a supervisor does not by itself create a hostile work environment. *Drinkwater v. Union Carbide Corp.*, 904 F.2d 853, 862 (3rd Cir.1990) (hostile work environment not present where romantic relationship between co-worker and supervisor did not prevent plaintiff from being evaluated on grounds other than her sexuality). Further, the isolated incidents of sexual horseplay alleged by Candelore took place over a period of years and were not so egregious as to render Candelore's work environment "hostile." *Jordan v. Clark,* 847 F.2d 1368, 1374–75 (9th Cir.1988), *cert. denied,* 488 U.S. 1006, 109 S.Ct. 786, 102 L.Ed.2d 778 (1989) (abusive environment not created where men and women told "off-color" jokes at work). Because Candelore has failed to identify benefits or opportunities denied as a result of discrimination, and because the isolated incidents of inappropriate behavior did not create a hostile or abusive environment, Candelore has not demonstrated the existence of any triable issues of fact on her claim of sex discrimination.

■ Candelore also contends that she was discriminated against on the basis of age in violation of the Age Discrimination in Employment Act. 29 U.S.C. §§ 623, 631.

With respect to each of her claims, Clark County offered and supported "a legitimate, nondiscriminatory reason" for the challenged action. *See Lindahl v. Air France,* 930 F.2d 1434 (9th Cir.1991) (quoting *McDonnell Douglas v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)). One of Candelore's younger co-workers received more overtime because she was responsible for a particular project. There is no evidence that Candelore asked to assist with this project. Her co-worker also performed overtime work while Candelore was on sick leave, so these hours cannot be attributed to a discriminatory purpose.

■ Work responsibilities held by Candelore prior to her sick leave remained with a younger less qualified co-worker when Candelore returned to work full time. Clark County's explanation for this arrangement, that Candelore was soon to be transferred to a new position and that she was suffering from job related stress, is fully supported by facts established in this record and not pretextual. Similarly, Clark County offered a legitimate, nondiscriminatory reason for reclassifying Candelore as a Schedule 13 rather than Schedule 15 employee. The reclassification was accomplished pursuant to the County Personnel Supervisor's review of all district clerical positions. Candelore was not the only worker affected by the reclassification. Candelore's contention that her transfer to the purchasing section was motivated by discriminatory animus also fails, as this transfer was accomplished pursuant to her own request to transfer.

On a motion for summary judgment, if the defendant articulates a legitimate, nondiscriminatory reason for the challenged conduct, the burden shifts "back to the plaintiff to raise a genuine factual question as to whether the proffered reason is pretextual." *Lowe v. City of Monrovia,* 775 F.2d 998 (9th Cir.1985), *amended,* 784 F.2d 1407 (9th Cir.1986). Candelore was required to either produce facts that evidenced Clark County's discriminatory motive, or to show that Clark County's explanation was not credible. *Id.* at 1438. She

did neither. Accordingly, Candelore's age discrimination claim was properly dismissed on Clark County's motion for summary judgment. *Id.; Lowe v. City of Monrovia,* 784 F.2d 1407 (9th Cir.1986) (summary disposition appropriate if plaintiff has not offered evidence of discriminatory motive); *Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir.1983) (plaintiff required to "tender a genuine issue of material fact as to pretext").

■ Finally, Candelore maintains that the defendants are liable for intentional infliction of emotional distress under Nevada law. To sustain this claim she must demonstrate: (1) extreme and outrageous conduct on the part of the defendants, (2) intent to cause emotional distress or reckless disregard as to that probability, (3) severe emotional distress, and (4) actual and proximate causation. *Branda v. Sanford,* 637 P.2d 1223, 1227 (Nev.1981). Liability for emotional distress will not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Restatement (Second) of Torts* § 46 cmt. d (1965). The district court properly concluded that "the conduct upon which she relies is not so extreme and outrageous as to establish this claim." *See Schneider v. TRW, Inc.,* 938 F.2d 986, 992–93 (9th Cir.1991).

AFFIRMED.

KLEINFELD, Circuit Judge, concurring:

I concur in the reasoning as well as the result. My purpose in concurring separately is to flag an undecided issue, so that readers do not infer a principle of law from our per curiam opinion upon which we have not decided.

We have unanimously affirmed, because Candelore did not establish a factual predicate for the alleged discrimination against her. She "has never identified employment opportunities or benefits that were extended to less qualified female co-workers who responded to sexual overtures from work supervisors." Suppose Candelore had provided cognizable evidence that a coworker received benefits Candelore did not because the coworker had an affair with a supervi-

sor. Would she then have a good sex discrimination claim? We have not had occasion, in this case, to decide that question one way or the other.

The Second Circuit decided that, where disparate treatment was based on a romantic relationship rather than gender, it did not amount to sex discrimination under Title VII. *DeCintio v. Westchester County Medical Center*, 807 F.2d 304 (2d Cir.1986), *cert. denied*, 484 U.S. 825, 108 S.Ct. 89, 98 L.Ed.2d 50 (1987). The Second Circuit read "submission" in 29 C.F.R. § 1604.11(g) to involve "lack of consent" and an "element of coercion." *Id.* at 307–08. Candelore's claim, that Title VII applies to discrimination on account of another employee's consensual romantic relationship, might represent a "significant expansion" of Title VII coverage. *Cf. King v. Palmer*, 778 F.2d 878, 883 (D.C.Cir.1986) (order denying en banc rehearing). Our decision should not be read as conflicting with the Second Circuit decision, or establishing any doctrine on whether discrimination on account of a coworker's consensual romantic relationship with a supervisor violates Title VII, because we have not reached the legal issue.