995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry B. JONES, Plaintiff-Appellant,
v.
H. Lawrence GARRETT, III, Secretary of the Navy, United
States Department of the Navy, Defendant-Appellee.
 No. 91-16746.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.
Memorandum Feb. 4, 1993
Withdrawn May 19, 1993.
Decided May 19, 1993.
 
 1
 Before HUG, FLETCHER, and BRUNETTI, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 I. Introduction
 
 3
 Mr. Jones appeals in propria persona from the district court's order granting the Navy's motion for summary judgment on his claim alleging violation of the Age Discrimination In Employment Act (ADEA), 29 U.S.C. § 623. Appellant applied for employment as a supervisory communications specialist, pursuant to an advertisement placed by the Navy Regional Data Automation Center (NARDAC). He was classified by the civilian personnel office as one of nine applicants who were "highly qualified," but was not among the four finalists selected from that pool by the three-member screening panel. From those four finalists, the "selecting official" selected two applicants who were already working at NARDAC.
 
 
 4
 Appellant brought suit for damages and injunctive relief against the Navy, alleging that he was unlawfully discriminated against on the basis of his age. At the time of his application, appellant was fifty-four years old. The applicants selected for the positions were thirty-four and forty-four years of age.
 
 II. Standard of Review
 
 5
 A grant of summary judgment is reviewed de novo. Jones v. Union Pac.R.R., 968 F.2d 937, 940 (9th Cir.1992). We review the record "in the light most favorable to Jones to determine whether there exist genuine issues of material fact regarding his claims," id., and whether the district court correctly applied the relevant substantive law. FDIC v. O'Melveny & Myers, 969 F.2d 744, 747-48 (9th Cir.1992).
 
 III. Discussion
 
 6
 Under the ADEA, a plaintiff has the ultimate burden of proving that age was a "determining factor" in an employer's decision affecting him. Steckl v. Motorola, Inc., 703 F.2d 392 (9th Cir.1983), quoting Douglas v. Anderson, 656 F.2d 528, 531 (9th Cir.1981). We agree that appellant had established a prima facie case of discrimination under Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). He was within the protected class, he applied for an available position for which he was qualified, and he was not hired for the position which was given to a younger person. See Steckl, 703 F.2d at 393.
 
 
 7
 Establishing a prima facie case does raise an inference of discrimination. Burdine, 450 U.S. at 254. However, "[w]e have made clear that a plaintiff cannot defeat summary judgment simply by making out a prima facie case," if the employer articulates a legitimate, nondiscriminatory reason justifying the employment decision. Lindahl v. Air France, 930 F.2d 1434, 1437 (9th Cir.1991). The burden then shifts back to the plaintiff to demonstrate that the employer's reason was merely a pretext for discrimination. Steckl, 703 F.2d at 393.
 
 
 8
 The Navy relies on one principal consideration to justify the panel's failure to include appellant among the final four applicants--his lack of recent, hands-on technical experience in Automated Data Processing (ADP). According to the Navy, the panel was informed that the position involved as much as two-thirds first-line technical duties.
 
 
 9
 The panel apparently viewed appellant's experience in this area to be lacking in two respects: His most recent experience was in a high-level administrative capacity, and the work which the panel viewed as most relevant to the instant application--his work with the General Services Administration--culminated in 1981, some six years prior to the panel's action. The panel expressed concern that his technical knowledge might be outdated in this rapidly changing field. It also perceived that most of appellant's experience lay in the area of voice communications rather than the automated data transmission contemplated by the position. In sum, appellant appeared to be lacking in current knowledge regarding the hardware, circuitry, and processes utilized in the NARDAC facility.
 
 
 10
 The process through which the panel "screened out" Mr. Jones turned on his current qualifications for the position he sought. The panel focused on a legitimate factor, and the Navy has rebutted any inference of discrimination.
 
 
 11
 To survive summary judgment, appellant had to produce specific facts which either directly established discriminatory motive, or showed that the Navy's explanation for the employment decision was not credible. See Lindahl, 930 F.2d at 1438; Candelore v. Clark County Sanitation Dist., 975 F.2d 588, 591 (9th Cir.1992). Jones has done neither. He has not offered evidence, other than his own interpretation of the government's job series classification numbers, that recent experience in ADP was not a legitimate criterion for evaluating applicants for this particular opening. In addition, the Navy flatly refuted appellant's arguments rooted in the job classification series numbers assigned to the position offered and to the positions of the eventual selectees. According to the declarations of Charles O. Collins and John D. Arbuckle (supplemental declaration), offered in support of the motion for summary judgment, the classification series numbers were neither accurate nor determinative in attributing duties or qualifications to a classified position or employee. The Vacancy Announcement did not limit the qualified applicant pool to those with experience in any particular job series classification as appellant asserts. It called for a "working knowledge of basic communications principles, techniques and practices and of the interrelated functional components and operational procedures of one or more communications systems" as well as a "thorough technical knowledge of the pertinent field of communications." Excerpt of Record, Exhibit K (emphasis added). Contrary to appellant's assertion, nothing in the Vacancy Announcement suggests that the Navy's explanation for hiring applicants with a different job classification from his was pretextual.
 
 
 12
 Appellant has failed to produce "specific, substantial evidence of pretext and that age was a determining factor in the decision." Steckl, 703 F.2d at 393. Although Jones assails the Navy's selection process as applied in his case, he has not shown whether or how that process unfairly impacted him based upon his age. Jones' mere assertions that the Navy acted with discriminatory intent in failing to select him in favor of other qualified applicants were insufficient, without "substantial factual evidence," to preclude summary judgment. Id. Appellant failed to "tender a genuine issue of material fact" calling into question the Navy's explanation that the new position required hands-on ADP technical aptitude. Id. The panel's rejection of his application on that basis was not improper, and the district court correctly granted summary judgment for the Navy.
 
 
 13
 Finally, Jones contends that the district court erred in setting aside the default judgment entered against the Navy. A default judgment may be set aside for good cause shown under Federal Rule of Civil Procedure 55(c). Sufficient evidence did not support Jones's claim and good cause was shown to set aside the default.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3