107 F.3d 877
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gordon NURSE, Plaintiff-Appellant,
v.
UNITED AIR LINES, INC., Defendant-Appellee.
 No. 96-15480.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1997.
Decided Feb. 24, 1997.
 
 Before: GOODWIN, LEAVY and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Because the parties are familiar with the factual and procedural background of this case, we will not repeat it here. Gordon Nurse appeals the district court's grant of summary judgment in favor of defendant United Air Lines, Inc. ("United") in his action for age and disability discrimination under the California Fair Employment and Housing Act ("FEHA"), Cal.Gov't Code 12900-12996. We affirm the district court.
 
 WORK-RELATED DISABILITY CLAIM
 
 3
 Nurse contends that the 1993 amendment to CalGov't Code § 12993(a) repealed the exclusive remedy and preemption provisions of the California Workers Compensation Act ("WCA"). We find it unnecessary to decide this issue of state law. The 1993 amendment to § 12993(a) went into effect on January 1, 1994, see City of Moorpark, 49 Cal.App.4th at 980, 57 Cal.Rptr. at 160; Cammack, 48 Cal.App.4th at 220 n. 9, 55 Cal.Rptr. at 847 n. 9; and all the conduct of which Nurse complains occurred prior to this time. Under these circumstances, the pre-amendment version of § 12993(a) applies to Nurse's complaint and limits his remedies to the WCA. See Adkins v. State, 50 Cal.App.4th 1802, ---- n. 28, 59 Cal.Rptr.2d 59, 71 n. 28 (1996) (applying pre-amendment § 12993(a) to conduct which occurred prior to January 1, 1994).
 
 AGE DISCRIMINATION CLAIM
 
 4
 We review a district court's grant of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1261, 134 L.Ed.2d 209 (1996). We must determine whether the evidence, viewed in a light most favorable to the non-moving party, presents any genuine issues of material fact and whether the district court properly applied the law. Id.
 
 
 5
 California courts evaluating claims of age discrimination under the California Fair Employment and Housing Act ("FEHA") have adopted the standards and analytical framework of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq., as developed in the federal cases interpreting and applying the ADEA. Stephens v. Coldwell Banker Commercial Group, Inc., 199 Cal.App.3d 1394, 1399-1400, 245 Cal.Rptr. 606, 609 (1988).
 
 
 6
 To establish a prima facie case of discrimination, a plaintiff must offer evidence of discriminatory intent sufficient to give rise to an inference of unlawful discrimination. Nidds v. Schindler Elevator Corp., 1996 WL 734053, at * 3 (9th Cir. Dec. 24, 1996). "The prima facie case may be based either on a presumption arising from the factors such as those set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), or by more direct evidence of discriminatory intent." Schnidrig v. Columbia Machine, Inc., 80 F.3d 1406, 1409 (9th Cir.) (quoting Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994)), cert. denied, --- U.S. ----, 117 S.Ct. 295, 136 L.Ed.2d 214 (1996).
 
 
 7
 The district court granted United's motion for summary judgment because it found that Nurse had failed to establish a prima facie case. The court held that Nurse did not prove the fourth prong of the McDonnell Douglas test because he had failed to present any evidence that any of the other mechanics who trained to be and eventually were qualified for the temporary lead position were younger than Nurse.
 
 
 8
 Nurse conceded at oral argument that he had not met the McDonnell Douglas test, but urges that McDonnell Douglas is not the exclusive method by which a prima facie case may be established. To be sure, a plaintiff may establish a prima facie case of age discrimination without satisfying the four-pronged McDonnell Douglas test by presenting actual evidence, direct or circumstantial, of the employer's discriminatory motive. Lowe v. City of Monrovia, 775 F.2d 998, 1006-07, 1009 (9th Cir.1985), as amended, 784 F.2d 1407 (1986). "When a plaintiff does not rely exclusively on the presumption but seeks to establish a prima facie case through the submission of actual evidence, very little such evidence is necessary to raise a genuine issue of fact regarding an employer's motive; any indication of discriminatory motive ... may suffice to raise a question that can only be resolved by a factfinder." Schnidrig, 80 F.3d at 1409 (quoting Lowe, 775 F.2d at 1009).
 
 
 9
 In support of his theory, Nurse cites to various incidents over a span of years which he alleges show an animus toward him based on his age. However, his claim of actual employment discrimination based on age is limited to one episode. Nurse claims that his supervisor made it more difficult for him than other trainees to qualify as a temporary lead mechanic by requiring him to demonstrate proficiency in all areas of engine maintenance. He claims this requirement prevented him from qualifying for five months, while others qualified in a matter of weeks.
 
 
 10
 However, no ultimate determination as to whether Nurse would obtain the position was made because Nurse left the job due to disability. Thus, the issue has not been resolved. Nurse has not been terminated; he has not been denied promotion; he has not been denied the position. In short, no actual employment discrimination has yet occurred. United might well certify him for the position upon his return. Thus, no actionable employment discrimination has occurred and summary judgment on this claim was proper. See, e.g., Candelore v. Clark County Sanitation Dist., 975 F.2d 588, 590 (9th Cir.1992) ("Because Candelore failed to identify employment benefits or opportunities that she was entitled to but did not receive, she has not stated a prima facie case of discrimination under Title VII.").
 
 
 11
 We have carefully considered the balance of Nurse's arguments and find them without merit. We affirm the district court's refusal to extend the time for discovery, its finding that Nurse had abandoned his claims for harassment and retaliation, its finding that any acts of discrimination prior to January 5, 1993 are time-barred, and its grant of summary judgment on Nurse's work-related disability claim. We will not consider Nurse's claims under the Americans with Disabilities Act for the first time on appeal.
 
 
 12
 The district court's grant of summary judgment in favor of United is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3