129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Millard Mae CLAY, Plaintiff-Appellant,
v.
STATE of California Employment Development Department,
Defendant-Appellee.
 No. 96-17247.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-94-03434-CW; Claudia Wilken, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Millard Mae Clay appeals pro se the district court's summary judgment in favor of the State of California Employment Development Department ("EDD") in Clay's action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), alleging hostile work environment based on gender. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment de novo, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Clay was employed by the EDD and alleged that she was sexually harassed by a female co-worker on a single occasion. The alleged harassment involved touching Clay's partially unbuttoned blouse and asking what she was wearing under the blouse.
 
 
 4
 The district court did not err by determining that Clay failed to demonstrate she was subject to sexual harassment so severe or pervasive as to alter the conditions of her employment, and create an abusive working environment. See Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). Clay also failed to demonstrate that the conduct was so severe or pervasive that an objectively reasonable woman under the same circumstances would find the workplace hostile or abusive. See Ellison v. Brady, 924 F.2d 872, 879 (9th Cir.1991); see also Candelore v. Clark County Sanitation Dist., 975 F.2d 588, 590 (9th Cir.1992) (per curiam) (concluding that an isolated incident of inappropriate behavior does not create an abusive environment).
 
 
 5
 We agree with the district court that the EDD is not liable because it had no actual or constructive knowledge of the alleged sexual harassment and, when it became aware of the inappropriate behavior, it acted promptly. See Ellison, 924 F.2d at 881-882.[1]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Clay contends that the district court erred by dismissing her other claims, we affirm the dismissal of those claims for the reasons stated in the district court's order entered on October 2, 1995. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam)