Oksana OLESZKO, Plaintiff–Appellant,

v.

STATE COMPENSATION INSURANCE FUND, David Howard, and Dora Cooke, Defendants–Appellees.

No. 99–15207.

D.C. No. CV–95–00516–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2000.

Decided March 20, 2001.

Before D.W. NELSON, THOMPSON, and TROTT, Circuit Judges.

### MEMORANDUM *

Oksana Oleszko appeals the district court's summary judgment in favor of defendants on her claims of sexual harassment, race and national origin discrimination, and retaliation in violation of Title VII, and intentional infliction of emotional distress under California law.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Oleszko alleges that the romantic relationship between two of her supervisors, Dora Cooke and David Howard, amounts to sexual harassment of her. She claims that Mr. Howard targeted her because Ms. Cooke did not like her. Even if true, this scenario amounts to neither quid pro quo nor hostile environment sexual harassment. *Cf. Candelore v. Clark County Sanitation Dist.*, 975 F.2d 588, 590 (9th Cir.1992) (finding no actionable sex discrimination claim based on allegation that co-worker who had romantic affair with supervisor received favorable treatment).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36–3.

1. We address Oleszko's appeal from the denial of her motion to compel discovery from the Employee Assistance Program in a published opinion filed concurrently.

Oleszko has likewise failed to raise a genuine issue of disputed fact as to her race and national origin discrimination and retaliation claims. Because Oleszko has alleged no verbal or physical conduct of a racial nature, her claim of a racially hostile work environment must fail. *See Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir.1998) (describing requirements of a hostile workplace claim). As for her disparate treatment claim, even assuming that Oleszko has made out a prima facie case of discrimination, she has submitted no evidence that defendants' legitimate, nondiscriminatory reasons for failing to promote her were mere pretext for discrimination.[2] Oleszko has similarly failed to show that the defendants' neutral reasons for their alleged retaliation were pretextual. *See Wallis v. J.R. Simplot Co. .*, 26 F.3d 885, 890 (9th Cir.1994) ("[W]hen evidence to refute the defendant's legitimate explanation is totally lacking, summary judgment is appropriate even though plaintiff may have established a minimal *prima facie* case based on a *McDonnell Douglas* type presumption.").

Finally, Oleszko's claim for intentional infliction of emotional distress is precluded by workers compensation exclusivity. *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 160, 233 Cal.Rptr. 308, 729 P.2d 743, 750 (1987) ("[W]hen the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid

the exclusive remedy provisions of the Labor Code.").

AFFIRMED.

---

2. Oleszko's statistical evidence does not aid her attempt to prove disparate treatment. Rather than analyzing the racial characteristics of those who scored in the top three ranks on the civil service exam from which SCIF hires, Oleszko bases her statistical analysis on the broader group of "computer programmers" and "computer systems analysts" in the bay area, rendering the analysis meaningless.