Johnny D. KNADLER, Plaintiff–
Appellant,

v.

Ben S. FURTH; et al., Defendants–
Appellees.

Johnny D. Knadler, Plaintiff–Appellant,

v.

Ben S. Furth; et al., Defendants–
Appellees.

Nos. 05–16962, 05–17271.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Nov. 2, 2007.

Johnny D. Knadler, San Francisco, CA, pro se.

Michael D. Bruno, Esq., Alyson Cabrera, Esq., Gordon & Rees, LLP, San Francisco, CA, for Defendants–Appellees.

Before: ROTH *, THOMAS, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Johnny D. Knadler, an attorney, filed this action against his former employer, the Furth Firm, and a partner in the firm, Ben Furth, alleging that he was the victim of racial and sexual discrimination. The

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court granted summary judgment for the defendants basically finding that Knadler had failed to overcome the same actor inference and had failed to show that his treatment by the defendants was based on a racial or sexual bias. Knadler filed a timely appeal from that order. The district court subsequently denied the defendants' motion for attorneys' fees but granted defendants costs. Knadler also filed a timely appeal from that order. We affirm.

We review a district court's grant of summary judgment de novo. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004). We apply the same standard used by the district court under Rule 56(c) of the Federal Rules of Civil Procedure, and must determine, viewing the evidence in the light most favorable to Knadler, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Valdez v. Rosenbaum*, 302 F.3d 1039, 1043 (9th Cir.2002).

**1.** Although it had some concerns, the district court accepted that Knadler had made out a prima facie showing of racial discrimination.[1] The district court then applied the shifting burden test enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), noting that once a plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to articulate a nondiscriminatory reason for the action, and if the defendant does so, the burden shifts back to plaintiff to establish that the defendant's proffered reason was a pretext for discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506–07, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), *see also Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir.1998). However, the "ultimate burden of persuading the

trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *St. Mary's*, 509 U.S. at 507, 113 S.Ct. 2742, citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

■ The district court found that defendants had non-discriminatory reasons for terminating Knadler and that within six months defendant Ben Furth had hired Knadler, given him a raise when he passed the California bar, and accepted his forced resignation. The district court accordingly applied our holding in *Coghlan v. American Seafoods Co. LLC.*, 413 F.3d 1090, 1096 (9th Cir.2005) that "where the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory action." (internal citation omitted).

We agree with the district court that accepting Knadler's allegations as true, he does not overcome the strong inference of no discriminatory action or show that defendants' reasons for terminating Knadler were a pretext for racial discrimination. Even assuming that Ben Furth on one occasion, when Knadler was not present, referred to Knadler as "Cheese-whiz," Knadler has offered no evidence other than his own assertion that this was intended to be, or was understood by others, to be a racial slur. Although Knadler offered a declaration from a former employee of the Furth Firm that defendants were hard on a couple of Asian–American employees, the declaration did not claim that the treatment was due to race or different from defendants' treatment of other employees. Also, accepting as a fact

---

**1.** Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

that there were no other Asian–American attorneys among the fifteen or so attorneys at the Furth Firm, we agree with the district court that this has little predictive value. *See Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654, 663 (9th Cir.2002) (noting that statistical evidence derived from an extremely small universe has little predictive value and must be disregarded). Furthermore, Knadler's claim that he was paid less than other non-Asian employees is rebutted by uncontroverted evidence that after he passed the bar and received a raise, Knadler was no longer the lowest paid associate. In sum, Knadler failed to proffer sufficient evidence to show that the nondiscriminatory reasons advanced by Ben Furth, who was responsible for hiring him and terminating him, and the Furth Firm were pretexts for racial discrimination.

■ 2. Knadler has also failed to show that the reasons advanced for his termination were pretexts for gender discrimination. Knadler alleges that he was subjected to gender discrimination because Ben Furth was romantically involved with a female associate. In particular, Knadler complains that the associate was paid more and received more desirable job opportunities.

We have not accepted the "paramour" theory of gender discrimination. In *Candelore v. Clark County Sanitation Dist.,* 975 F.2d 588 (9th Cir.1992), we rejected an employee's claim of sexual discrimination based on one of her supervisors having an affair with a co-worker because she "failed to identify employment benefits or opportunities that she was entitled to but did not receive." *Id.* at 590. We further noted that a "co-worker's romantic involvement with a supervisor does not by itself create a hostile work environment." *Id.*

■ Moreover, even assuming that Knadler had made a prima facie showing of gender discrimination, he failed to show that defendants' nondiscriminatory reasons for paying the associate a higher salary and giving her greater responsibilities were a pretext for discrimination. The associate was hired before Knadler and her salary was fixed at that time, apparently before she entered into a relationship with Ben Furth. In addition, the associate had considerably more pretrial and trial experience than Knadler. Furthermore, once Knadler passed the California bar and received a raise, there was at least one female associate who received less pay than Knadler. In sum, Knadler has failed to show that defendants' nondiscriminatory reasons for the pay differences and different responsibilities were a pretext for gender discrimination.

■ 3. Knadler's claim of a hostile work environment fails because he did not present evidence of a workplace atmosphere so discriminatory and abusive that a reasonable person would find it hostile and that he perceived the environment as hostile. *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21–22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Knadler did not allege the type of widespread sexual favoritism that supported a hostile work environment claim in *Miller v. Dep't of Corrections,* 36 Cal.4th 446, 30 Cal. Rptr.3d 797, 115 P.3d 77 (Cal.2005), but only the type of "isolated workplace sexual affair" that *Miller* noted was not actionable. *Id.* at 470, 30 Cal.Rptr.3d 797, 115 P.3d 77 ("[P]laintiffs in the present case alleged far more than that a supervisor engaged in an isolated workplace sexual affair and accorded special benefits to a sexual partner. They proffered evidence demonstrating the effect of widespread favoritism on the work environment, namely the creation of an atmo-

sphere that was demeaning to women."). Furthermore, the single incident of alleged racial discrimination suffered by Knadler, the "Cheese-whiz," incident, is insufficient to establish a hostile work environment. The Supreme Court has reiterated that a single utterance of an epithet which engenders offensive feelings in an employee does not sufficiently affect the conditions of employment to implicate Title VII. *Harris*, 510 U.S. at 21, 114 S.Ct. 367. We agree with the district court that Knadler failed to show the existence of a hostile work environment due to either gender or racial discrimination.

▬ **4.** Knadler also claims that his forced resignation from the Furth Firm and his subsequent termination by another law firm were illegal acts of retaliation for his protected activities. This argument fails in regard to his forced resignation because the predicate activity, Knadler's voicing his objections to an office romance between Ben Furth and an associate, was not a protected activity. Knadler's argument fails in regard to his subsequent termination by another law firm because he did not refute the declaration of that firm's Litigation Support Services Manager that Knadler's termination was not in any way related to the law firm's representation of the Furth Firm.

▬ **5.** The district court accepted that Knadler had made a prima facie showing of a violation of the Equal Pay Act, 29 U.S.C. § 206, but concluded that he had failed to rebut the defendants' nondiscriminatory reasons for the variations in pay level. We agree. Defendants maintained that associate pay was based on relevant prior experience, and that Knadler did not have past experience doing litigation tasks. Knadler may not agree with the defendants' perspective, but he has failed to show that it is a pretext for racial or gender discrimination. The lead associate was hired before Knadler joined the Furth Firm and her salary was set before she entered into a romantic relationship with Ben Furth. Knadler relates that Ben Furth first offered him employment at the rate of $55,000 a year to do paralegal work, but offered him the title of associate. There is nothing in the record to suggest that other paralegals at the Furth Firm made more money, or that Knadler ever complained about his initial salary, or that there were any female employees in a similar position. Knadler also admits that when he passed the California bar, Ben Furth raised his salary to $85,000 a year, which was more than at least one associate. Knadler failed to produce evidence that would allow a reasonable factfinder to find that the differences in salary were a product of sexual favoritism.

▬ **6.** Knadler's claim of intentional infliction of emotional distress fails because it is based on a single incident, Ben Furth's alleged reference to Knadler as "Cheese-whiz," and Knadler concedes that Ben Furth did not know that Knadler was within earshot when he allegedly made the comment. Thus, even if Ben Furth made the comment, which he denies, it was not aimed directly at Knadler.

**7.** Finally, Knadler makes a number of additional arguments including that (1) the district court's joinder of Ben Furth was improper, a default should have been entered against Ben Furth, and Knadler should have been awarded costs incurred in serving Ben Furth, (2) the district court should be ordered to rule on two motions to exclude evidence and sanction defendants, and (3) Knadler should not have costs awarded against him. None of his arguments are persuasively developed. Knadler recognizes that issues relating to an entry of default are reviewed for clear error and abuse of discretion. *See Franchise Holding II, LLC v. Huntington*

*Rests. Group, Inc.,* 375 F.3d 922, 925 (9th Cir.2004) (holding that factual findings on a motion to set aside a default are reviewed for clear error and the decision is reviewed for an abuse of discretion). Knadler, however, concedes that Ben Furth filed an answer after he requested a default, and Knadler has failed to provide the court with either a presentation of the facts that were before the district court or any legal explanation as to why the district court abused its discretion in refusing to enter a default. Also, Knadler has failed to identify the allegedly outstanding discovery motions and has not explained how the resolution of the motions would have impacted the district court's grant of summary judgment. Similarly, Knadler has failed to marshal the facts and arguments necessary for a successful attack on the district court's award of $2,895.00 in costs.

For the foregoing reasons, the district court's grant of summary judgment against Knadler and in favor of the defendants and its award of costs are

**AFFIRMED.**

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.