NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELLEN GORDON-ROSS,

Plaintiff - Appellant,

v.

NUVIEW UNION SCHOOL DISTRICT,
a political subdivision,

Defendant - Appellee.

No. 09-56680

D.C. No. 5:09-cv-00670-VAP-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted May 6, 2011[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Plaintiff Ellen Gordon-Ross brought this action against her employer, Nuview Union School District (NUSD).[1] Gordon-Ross appeals the district court's dismissal of the two claims in her First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). We affirm.

Gordon-Ross's first claim alleged NUSD violated her federal civil rights under 42 U.S.C. § 1983. After reviewing Gordon-Ross's original complaint, the district court correctly noted that her § 1983 claim was actually a Title VII claim for age and gender employment discrimination. *Cf. Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1057 (9th Cir. 2009); *Candelore v. Clark Cnty. Sanitation Dist.*, 975 F.2d 588, 590 (9th Cir. 1992). Because Gordon-Ross had not pled that she met Title VII's exhaustion requirements, *see, e.g.*, *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104–05 (9th Cir. 2008), the district court dismissed the original complaint with leave to amend. The court's order included a detailed legal analysis explaining how Gordon-Ross could amend her complaint to properly state a valid claim.

Eschewing the district court's guidance, Gordon-Ross's amended complaint contained no significant revisions. Her amended complaint still did not allege any

---

[1] The parties are familiar with the facts, and we repeat them only as necessary to explain our disposition.

non-employment-based § 1983 claims—which would not require Title VII exhaustion—nor did it allege that she had exhausted Title VII remedies. Further, Gordon-Ross never argued before the district court that she could possibly include the necessary allegations if further leave to amend was granted. Accordingly, the district court appropriately dismissed Gordon-Ross's § 1983 claim with prejudice.

Gordon-Ross's second claim sought a writ of mandamus under California Code of Civil Procedure section 1085. Gordon-Ross argued NUSD violated her statutory rights to re-employment under California Education Code section 44956 by laying her off and then re-hiring her to a lesser teaching position. Gordon-Ross sought a writ compelling the school district to re-hire her to her original position (kindergarten teacher).

The district court correctly dismissed Gordon-Ross's second claim for two reasons. First, the claim is time-barred because Gordon-Ross did not challenge NUSD's decision to lay her off within thirty days. *See* Cal. Gov't Code § 11523. Gordon-Ross cites no case that would allow her petition to be filed outside this time window. Although she argues the time limit does not apply because she also brought the § 1983 claim, that argument lacks merit.

Second, the district court properly dismissed Gordon-Ross's second claim because mandamus can be invoked only to compel a purely ministerial duty—i.e.,

an act the government entity is required by law to perform.  *Ridgecrest Charter Sch. v. Sierra Sands Unified Sch. Dist.*, 130 Cal. App. 4th 986, 1002 (Cal. Ct. App. 2005).  Mandamus cannot compel a government entity to exercise its discretion. *Id.*  Although NUSD was statutorily required to re-hire teachers in order of seniority, *see* Cal. Educ. Code § 44956, the specific positions into which they are re-hired is up to NUSD.  Thus, Gordon-Ross cannot seek a writ of mandamus compelling NUSD to re-hire her as a kindergarten teacher.

Each party shall bear its own costs.

**AFFIRMED.**