**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MADHAVI PULLELA,

        Plaintiff - Appellant,

v.

INTEL CORPORATION,

        Defendant - Appellee.

No. 10-35716

D.C. No. 3:08-cv-1427-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted January 13, 2012[**]
Seattle, Washington

Before:    O'SCANNLAIN and RAWLINSON, Circuit Judges, and MOLLOY,
District Judge[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Donald W. Molloy, District Judge for the U.S. District
Court for the District of Montana, sitting by designation.

1

Madhavi Pullela appeals the district court's grant of summary judgment in favor of Intel Corporation on her wrongful discharge claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of this case, we restate them here only as necessary to explain our decision.

Pullela presents two issues on appeal. First, she argues the district court erred when it concluded that she did not believe, in good faith, that she was reporting sexual discrimination when she reported her co-worker's flirtatious behavior and preferential treatment. Second, Pullela contends the district court erred when it concluded that she had failed to establish a causal connection between her complaint and her discharge. We review both of these claims de novo. *Degelmann v. Advanced Med. Optics, Inc.*, 659 F.3d 835, 839 (9th Cir. 2011).

I.

Under Oregon law, a plaintiff is wrongfully discharged if she is fired or constructively discharged for (1) fulfilling an important public or societal obligation or (2) for exercising an employment-related right of important public interest. *Lamson v. Crater Lake Motors, Inc.*, 216 P.3d 852, 856 (Or. 2009) (en banc) (citing *Delaney v. Taco Time Int'l*, 681 P.2d 114 (Or. 1984)). Reporting sexual discrimination qualifies as an employment-related right of public importance. *Holien v. Sears, Roebuck & Co.*, 689 P.2d 1292, 1299–1300 (Or.

1984) (en banc).

When, as here, a plaintiff fails to report actionable discrimination, the plaintiff may nonetheless bring a wrongful discharge claim if she had a good-faith belief that she was reporting actionable discrimination. *Bahri v. Home Depot USA, Inc.*, 242 F. Supp. 2d 922, 954 (D. Or. 2002) (citing *McQuary v. Bel Air Convalescent Home, Inc.*, 684 P.2d 21, 23–24 (1984)). The district court correctly concluded that Pullela did not have a good-faith belief that she was reporting sexual discrimination.

While Pullela was not required to know the finer points of the law governing sexual discrimination when she made her complaint, *Moyo v. Gomez*, 40 F.3d 982, 985 (9th Cir. 1994), both this Court and the Equal Employment Opportunity Commission have long recognized that sexual favoritism alone does not amount to sexual discrimination. *Candelore v. Clark Cnty. Sanitation Dist.*, 975 F.2d 588, 590 (9th Cir. 1992).

In short, Pullela has not shown that she had a good-faith belief that she was reporting sexual discrimination when she reported the flirtatious behavior and preferential treatment.

## II.

The fact that Pullela's complaint was not a protected activity is a sufficient

reason to affirm the district court. But, even if Pullela had engaged in a protected activity, she has not shown a "causal connection" between that activity and her discharge. *Estes v. Lewis & Clark College*, 954 P.2d 792, 796–97 (Or. App. 1998) (citing *Shockey v. City of Portland*, 837 P.2d 505 (Or. 1992)). In order to make this showing, Pullela must show that her activity was a "substantial factor" that "made a difference in the discharge decision." *Howard v. Milwaukie Convalescent Hosp., Inc.*, 2008 WL 4117167, at *7 (D. Or. Aug. 25, 2008) (citing *Estes*, 954 P.2d at 796–97). We have reviewed the events that Pullela asserts constitute the requisite causal connection and hold that the district court did not err in concluding that Pulella failed to establish such a connection.

The district court correctly concluded that Pullela did not engage in a protected activity when she made her complaint. But even if she had, Pullela has not established a causal connection between her complaint and her discharge.

**AFFIRMED.**