NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 4 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANTE B. MAGDALUYO, Jr., | No. 17-16867 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01806-APG-GWF |
| v. | |
| MGM GRAND HOTEL, LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted January 2, 2019**

Before:    TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Dante B. Magdaluyo Jr. appeals pro se from the district court's summary judgment in his employment action alleging Title VII and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Magdaluyo's hostile work environment claim because Magdaluyo failed to raise a genuine dispute that he suffered harassment on account of his national origin. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (setting forth elements of Title VII hostile work environment claim). In order to color with racial and ethnic animus every unwelcome event that has happened to him at MGM, Magdaluyo relies on an incident that allegedly occurred in 2008. According to Magdaluyo, his direct floor supervisor told him that he "hates Filipinos" and that he hopes the United States will "invade the Philippines." Although we recognize that the supervisor, Rosen, denies making these remarks, viewing this non-hearsay evidence in the light most favorable to Magdaluyo, it is nevertheless insufficient to impute discriminatory animus to the dozens, indeed "hundreds," of MGM employees Magdaluyo accuses of an immense conspiracy against him. According to him this conspiracy began in 1996, more than ten years before Rosen's alleged offensive statements. Moreover, the alleged harassment which rendered his workplace hostile and toxic began because of MGM management's suspicion that he stole a valuable chip from a baccarat tournament. Between 1996 and 2008, Magdaluyo offers no evidence of racial animus, only suspicions. Although we do

17-16867

not dismiss Rosen's alleged offensive statements as "stray remarks," those remarks plus unsupported suspicions are not enough to create a genuine issue of fact requiring a trial to resolve.

The district court properly dismissed Magdaluyo's retaliation claim because Magdaluyo failed to raise a genuine dispute of material fact that he suffered an adverse action as a result of engaging in protected activity. *See Vasquez*, 349 F.3d at 646 (setting forth elements of Title VII retaliation claim).

The district court properly granted summary judgment on Magdaluyo's public disclosure of private facts claim because Magdaluyo failed to raise a genuine dispute of material fact as to whether his private information was publicly disclosed. *See State v. Eighth Jud. Dist. ex rel. Cty. of Clark,* 42 P.3d 233, 240 (Nev. 2002) (setting forth requirements for a public disclosure of private facts claim).

The district court properly granted summary judgment on Magdaluyo's defamation claim because there was no genuine factual dispute that the statements in question were either made outside of the limitations period, not published to third parties, or nonactionable expressions of opinion. *See Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 90 (2002) (setting forth requirements for a

17-16867

defamation claim and explaining that statements of opinion are not defamatory).

The district court properly granted summary judgment on Magdaluyo's workplace violence claims relating to allegations that took place in 2012 and 2013 because these claims were time-barred. *See* Nev. Rev. Stat. § 11.190(4)(c) (two-year statute of limitation for assault and battery). Contrary to Magdaluyo's contention, these allegations did not relate back to the date of filing his initial complaint in this action. *See Asarco, LLC v. Union Pac. R.R. Co.,* 765 F.3d 999, 1005 (9th Cir. 2014) (otherwise time-barred claim in an amended pleading relates back to the date of a timely original pleading if the amended claim arises out of the same conduct, transaction, or occurrence as was set forth in the original complaint).

The district court properly granted summary judgment on Magdaluyo's workplace violence claims relating to allegations that took place in 2014 and 2015 because Magdaluyo failed to demonstrate that the alleged assaults were reasonably foreseeable to defendant. *See Wood v. Safeway, Inc.*, 121 P.3d 1026, 1036-37 (Nev. 2005) (discussing claims under Nev. Rev. Stat. § 41.745, and explaining that an employer is liable only if the employee's intentional conduct is reasonably foreseeable under the circumstances).

The district court properly granted summary judgment on Magdaluyo's intentional infliction of emotional distress claim because Magdaluyo failed to raise a genuine dispute of material fact that defendant engaged in extreme or outrageous conduct. *See Candelore v. Clark Cty. Sanitation Dist.*, 975 F.2d 588, 591 (9th Cir. 1992) (setting forth elements of an emotional distress claim under Nevada law).

Because Magdaluyo's intrusion upon seclusion claim was dismissed by stipulation, and because the remaining claims were dismissed at summary judgment, Magdaluyo's argument regarding the magistrate judge's adverse inference instruction is moot. *See Am. Cas. Co. of Reading, Pa. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994).

The district court did not abuse its discretion in granting defendant's motion to strike Magdaluyo's objections to defendant's motion for summary judgment, because the filing was late and failed to comply with the local rules regarding length. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review, and explaining that "[b]road deference is given to a district court's interpretation of its local rules"); *see also* D. Nev. R. 7-3 (setting page limits for a response to a motion for summary judgment).

We reject as unsupported by the record Magdaluyo's contention that the

district court failed to rule on his false light claim.

We reject as without merit Magdaluyo's contention that defendant committed fraud upon the court, that district court judge Richard F. Boulware II engaged in ex parte communications with defendant, or that district court judge Andrew P. Gordon was biased.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Magdaluyo's pending motion (Docket Entry No. 20) is denied.

**AFFIRMED.**

17-16867