Lewis Camden PETERS,
Plaintiff-Appellant,

v.

Roy LIEUALLEN, Chancellor of the State Board of Higher Education, and the State Board of Higher Education, State of Oregon, Defendants-Appellees.

No. 80–3256.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1982.
Decided Dec. 3, 1982.

Curtis G. Oler, San Francisco, Cal., for plaintiff-appellant.

Jan Peter Londahl, Asst. Atty. Gen., Portland, Or., for defendants-appellees.

Before GOODWIN and FLETCHER, Circuit Judges, and McNICHOLS,* District Judge.

FLETCHER, Circuit Judge:

Peters appeals from the dismissal of his employment discrimination suit against defendants Roy Lieuallen, Chancellor of the Oregon State Board of Higher Education, and against the State Board of Higher Education, itself. Suit was originally brought under Title VII, 42 U.S.C. §§ 2000e *et seq.* (1976), 42 U.S.C. § 1981 (1976) and 42 U.S.C. § 1983 (1976). This court has jurisdiction pursuant to 28 U.S.C. § 1291 (1976).

## I

## FACTS

Peters, a black man, applied for the position of Compliance Officer of the Chancellor, Oregon State Board of Higher Education (the Board). Applications for the position were screened to eliminate unqualified applicants. The list of qualified applicants was reduced to nine, of whom Peters was one. These nine candidates were interviewed by a search committee. Committee members each ranked those whom he or she considered to be the top five candidates. Peters appeared on none of the committee members' lists. A white woman was ultimately hired for the position.

Peters brought suit against the school board and the Chancellor, alleging that he had been discriminated against because of his race and sex, in violation of 42 U.S.C. §§ 1981, 1983, and 2000e *et seq.* Prior to trial, the § 1981 and § 1983 claims were dismissed. The Title VII claim was tried to the court. The district court found no discrimination and dismissed the case.

## II

## ANALYSIS

*A. The Title VII Claims*

Plaintiff contends on appeal that the district court's findings of fact were inconsist-

ent with its conclusions of law. The district court, in a brief oral opinion, found that the position of Compliance Officer was open, that Peters was a member of a protected class, that he was well-qualified for the position, and that plaintiff "was excluded from the final five persons who were placed under consideration for reasons that the Court does not agree with." The court then held that the defendants did not intend to discriminate against Peters, because two blacks and one Hispanic were included among the top five candidates, although a white woman was ultimately chosen for the position.

We conclude that the district court both misinterpreted and misapplied Title VII. Its first error was in relying entirely on the lack of discriminatory *intent* to support a judgment for the defendants. The second error was in finding lack of discriminatory intent to a legal certainty from the fact that other blacks were included among the five top-ranked candidates.

*1. Disparate Impact*

█ Discriminatory intent is not prerequisite to the success of all Title VII suits. Peters is challenging both the Board's selection system in general and its specific application to him. Thus, Peters' allegations constitute both a disparate impact and a disparate treatment case under Title VII.

█ A disparate impact claim challenges a practice neutral on its face, but having a more adverse impact on minorities than others. *Dothard v. Rawlinson,* 433 U.S. 321, 329, 97 S.Ct. 2720, 2726, 53 L.Ed.2d 786 (1977). The plaintiff has the initial burden of proving that the selection system results in a "significantly discriminatory impact." *Connecticut v. Teal,* —— U.S. ——, ——, 102 S.Ct. 2525, 2531, 73 L.Ed.2d 130 (1982), *Contreras v. City of Los Angeles,* 656 F.2d 1267, 1271 (9th Cir.1981). The burden then shifts to the employer to prove that no

---

* The Honorable Ray McNichols, Senior United States District Judge for the District of Idaho, sitting by designation.

disparity exists, *Dothard,* 433 U.S. at 338–39, 97 S.Ct. at 2731 (Rehnquist, J., concurring); *Contreras,* 656 F.2d at 1272–74, or that the practice is necessary to the efficient operation of the business, *Connecticut v. Teal,* —— U.S. at ——, 102 S.Ct. at 2531; *Dothard,* 433 U.S. at 331 n. 14, 97 S.Ct. at 2728 n. 14; *see Contreras,* 656 F.2d at 1271. The plaintiff need not prove discriminatory intent, however, to succeed under a disparate impact theory.

■ Many of the district court's findings support Peters' claim of disparate impact. The court stated that the composition of the search committee was inappropriate. It also held that the subjective tests applied to the candidates were not relevant to any determination of the candidates' ability to function as compliance officers. Furthermore, it held that "[s]uch items as grammar, English composition, and apparent ego are ... very dangerous considerations to apply" to minority candidates. However, because the district court also required proof of discriminatory intent, it found no disparate impact. It is not clear from the district court's findings whether Peters made out a *prima facie* case of disparate impact. Although there are some facts that would support a finding of disparate impact, the record is insufficient for us to determine whether a *prima facie* case was established.[1] We therefore remand to the district court for application of the proper standards.

## 2. Disparate Treatment

■ The district court did not make a specific finding on whether Peters had made out a *prima facie* case of disparate treatment. The district court did find that Peters was a member of a protected class, that he was objectively qualified for the position, that he was excluded from the final group of candidates, and that a white woman was ultimately chosen for the position. These findings comport substantially with the requirements of a *prima facie* case

outlined in *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). They fail only to state that the position remained open. However, the guidelines set forth in *McDonnell Douglas* were intended to be a flexible blueprint. The requirement that the position "remain open" is not applicable to a selection process where a pool of applicants competes simultaneously for a single position, as is the case here. *See Hagans v. Andrus,* 651 F.2d 622, 626 (9th Cir.1981); *King v. New Hampshire Dept. of Resources and Economic Development,* 562 F.2d 80, 83 (1st Cir.1977). What must be shown to support an inference that the plaintiff was discriminated against depends on the facts of each case. *Hagans v. Andrus,* 651 F.2d at 626. We therefore remand the disparate treatment issue to the district court for a determination of whether there was evidence presented sufficient to create an inference that the " 'likely reason' " for the denial of employment was racial discrimination. *See id.* (quoting *White v. City of San Diego,* 605 F.2d 455, 458 (9th Cir.1979)). Should the district court find on remand that a *prima facie* case was made out, it should then proceed through the Title VII analysis and determine whether any legitimate, nondiscriminatory reasons for the Board's conduct were offered and, if so, whether these reasons were the true reasons or merely pretextual. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

■ If Peters has made out a *prima facie* case of disparate treatment, the burden of going forward then shifted to the employer to articulate a " 'legitimate, nondiscriminatory reason' " for its failure to hire Peters. *See Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093 (quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. at 802, 93 S.Ct. at 1824). The employer's asserted nondiscriminatory reason here was that Peters was not as well-qualified as other candi-

---

1. *Wang v. Hoffman,* 694 F.2d 1146 (9th Cir. 1982), dealt with claims similar to those raised by Peters and sets forth the type of factual findings which might make out a *prima facie* case of disparate impact.

dates who were selected.[2] The district court made no explicit finding on the existence of a legitimate, nondiscriminatory reason. In fact, its findings suggest that it rejected the reasons proffered by the employer, but found no discrimination because other blacks were included among the five top-ranked candidates. This type of "bottom line" analysis has recently been rejected by the Supreme Court. *See Connecticut v. Teal,* —— U.S. ——, 102 S.Ct. 2525, 73 L.Ed.2d 130. The fact that a particular screening device admits some members of a protected class does not demonstrate an absence of discrimination. "The obligation imposed by Title VII is to provide an equal opportunity for *each* applicant regardless of race, without regard to whether members of the applicant's race are already proportionately represented...." *Furnco Construction Co. v. Waters,* 438 U.S. 567, 579, 98 S.Ct. 2943, 2950, 57 L.Ed.2d 957 (1978) (emphasis in original) (citation omitted). The fact that other blacks were more successful than Peters[3] is insufficient to rebut a *prima facie* case of discrimination.

*B. Sections 1981 and 1983*

■ The State Board of Higher Education moved for summary judgment on the claims brought under §§ 1981 and 1983 on the grounds that: (1) it was not a "person" within the meaning of 42 U.S.C. § 1983, and (2) the Eleventh Amendment barred the claims under 42 U.S.C. §§ 1981 and 1983. The motion was granted.

There is no doubt that suit under either §§ 1981 or 1983 against the State Board of Higher Education is a suit against the state *qua* state and is, therefore, barred by the Eleventh Amendment. *See Quern v. Jordan,* 440 U.S. 332, 339–40, 99 S.Ct. 1139, 1144, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 56

L.Ed.2d 1114 (1978) (per curiam). However, prospective relief under §§ 1981 and 1983 may be available against defendant Lieuallen, Chancellor of the State Board of Higher Education, in his official capacity. *See Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358. The district court erred, therefore, to the extent that it dismissed Peters' §§ 1981 and 1983 claims against defendant Lieuallen, seeking a prospective injunction ordering the defendant to place plaintiff in the position of Compliance Officer. Initial resolution of the merits of these claims is remanded to the district court.

## III

## CONCLUSION

Plaintiff's Title VII claims against all defendants and §§ 1981 and 1983 claims against defendant Lieuallen for prospective relief are remanded to the district court for proceedings in conformity with this opinion. Plaintiff's §§ 1981 and 1983 claims against the State Board of Higher Education and those against defendant Lieuallen for damages or other retrospective relief were properly dismissed by the district court.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

**2.** Peters' disparate impact claims must, of course, be resolved first. The court cannot address the nondiscriminatory nature of the Board's decision until the legitimacy of the selection system itself is established. *Wang v. Hoffman,* 694 F.2d at 1148.

**3.** They were successful only in the sense that they were among the five finalists while Peters was not, but they were not hired.