**Elizabeth A. YARTZOFF, Plaintiff-Appellant,**

v.

**STATE OF OREGON, EMPLOYMENT DIVISION OF the DEPARTMENT OF HUMAN RESOURCES, Defendant-Appellee.**

No. 83–3885.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 4, 1984.

Decided Oct. 18, 1984.

---

**558**

---

Edwin S. Nutbrown, Portland, Or., for plaintiff-appellant.

Phillip Schradle, Salem, Or., for defendant-appellee.

Before GOODWIN and SCHROEDER, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM.

Elizabeth Yartzoff, a 51-year-old state government office worker sued the Employment Division of the Oregon Depart-

ment of Human Resources for violating her rights under 29 U.S.C. § 626(b) and (c) (age discrimination in employment). She appeals an adverse judgment following a jury trial. We affirm.

Two months before trial, Yartzoff moved to amend her complaint to allege a claim based upon disparate impact; but the court disallowed the amendment as untimely. We need not decide in this case whether the denial of the motion was an abuse of discretion because the court permitted the plaintiff to make an offer of proof in support of her newly-discovered theory, and the plaintiff produced nothing that would have justified submitting the question if it had been included in the pleadings.

The case was a standard disparate treatment case in which the plaintiff failed to prove age discrimination. The alleged disparate impact of subjective criteria for promotion was never connected in any logical way with employment history in the defendant's office, and the evidence of impact upon a protected group simply did not appear to be available from anything offered by the plaintiff.

Yartzoff had the burden of proving that the alleged employment practices have had a substantially disproportionate exclusionary impact on the protected class. *Dothard v. Rawlinson*, 433 U.S. 321, 328–30, 97 S.Ct. 2720, 2726–2727, 53 L.Ed.2d 786 (1977); *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 425, 95 S.Ct. 2362, 2375, 45 L.Ed.2d 280 (1975). But Yartzoff did not offer at trial any statistically significant evidence of disparate impact upon the protected group. Yartzoff's statistical survey of the "five or six individuals doing basically the same job as clerical specialist," is not a reliable indication of a significant adverse impact upon the protected group. *See Contreras v. City of Los Angeles*, 656 F.2d 1267, 1274 (9th Cir.1981), *cert. denied*, 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140

---

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

(1982); *White v. City of San Diego*, 605 F.2d 455, 461 (9th Cir.1979).

Yartzoff argues that her proposed amendment would not have been futile because "an individual can establish a prima facie case of discrimination under disparate impact theory when he or she is adversely affected by a subjective selection criteria ...," citing *Peters v. Lieuallen*, 693 F.2d 966 (9th Cir.1982), and *Wang v. Hoffman*, 694 F.2d 1146 (9th Cir.1982).

Yartzoff alleges that "flexibility, production ability, and frequent oral communication" are subjective criteria that have a disparate negative impact upon older workers and exclude more older workers from advancement than young workers. While we do not doubt that "flexibility" can be used subjectively to the disadvantage of older workers, no evidence was in sight to justify a late opening of this case to prove that "flexibility" had produced a discriminatory impact on a protected class. There was no evidence that the employer ever applied the subjective criteria to anyone but the plaintiff. Her claim therefore was purely one for discriminatory treatment.

Neither *Peters* nor *Wang* held that the use of subjective criteria alone establishes a prima facie case of disparate impact. The plaintiff must still demonstrate a significant adverse impact upon the protected class. Accordingly, in *Peters* we recognized the rule that "[t]he plaintiff has the initial burden of proving that the selection system results in a 'significantly discriminatory impact.'" *Id.* at 968 (citing *Connecticut v. Teal*, 457 U.S. 440, 446, 102 S.Ct. 2525, 2530, 73 L.Ed.2d 130 (1982), and *Contreras v. City of Los Angeles*, 656 F.2d at 1271. We noted in *Peters* that the use of subjective criteria may support a plain-tiff's claim of disparate impact, but remanded to the district court because the record was insufficient. 693 F.2d 969. In *Wang*, we expressed our concern over the use of subjective criteria but adhered to the rule that "[t]he use of subjective criteria in a selection system is not enough of itself to" establish a prima facie case of disparate impact. 694 F.2d at 1148 (citing *Ward v. Westland Plastics, Inc.*, 651 F.2d 1266, 1269–70 (9th Cir.1980)).

Moreover, in its most recent pronouncement on the disparate impact theory, the Supreme Court reaffirmed the principle that "a plaintiff must show that the facially neutral employment practice had a significantly discriminatory impact." *Connecticut v. Teal*, 457 U.S. at 446, 102 S.Ct. at 2531. The Court went on to hold that the plaintiff established a prima facie case. The Court did not, however, dispense with the requirement that the plaintiff show a significant discriminatory impact when subjective criteria are used.

The state's request for attorney's fees is denied. While the appeal obviously did not prevail, it does not follow that it was frivolous.

Affirmed.