Lewis Camden **PETERS**,
**Plaintiff-Appellant**,

v.

Ray **LIEUALLEN**, **Chancellor of the State Board of Higher Education and The State Board of Higher Education, State of Oregon, Defendants-Appellees.**

**No. 83–4060.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 1984.
Decided Nov. 9, 1984.

Curtis G. Oler, San Francisco, Cal., for plaintiff-appellant.

Christine Chute, Asst. Atty. Gen., Dept. of Justice, Salem, Or., for defendants-appellees.

Before GOODWIN, KENNEDY, and FLETCHER, Circuit Judges.

PER CURIAM:

Peters appeals from a judgment in favor of defendants, the Chancellor of the Oregon State System of Higher Education and the State Board of Higher Education. Peters's action alleged racial discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. §§ 1981 and 1983.

In 1976, Peters, a black man, was one of forty-nine applicants for the position of Compliance Officer with the Board. After screening the applicants, a search committee selected nine, including Peters, who appeared qualified. The committee members interviewed these applicants, and from them, selected five finalists. Peters was not among the five finalists. A white woman was ultimately selected for the position.

The district court dismissed Peters's § 1981 and § 1983 claims and, after trial to the court, entered judgment for the defendants on his Title VII claim. We reversed the dismissal of the § 1981 and § 1983 claims against the Chancellor on the grounds that although the Eleventh Amendment barred an award of damages against the Board, prospective relief might be available against the Chancellor. *Peters v. Lieuallen,* 693 F.2d 966 (9th Cir.1982). We also reversed the judgment on Peters's Title VII claim for two reasons. First, the district court had not made a finding as to whether Peters made out a case of disparate impact. Second, the district court did not make a specific finding as to whether Peters had made out a *prima facie* case of disparate treatment and, in rejecting his claim, had given conclusive effect to the fact that other blacks were included among the five finalists. *Id.*

On remand, the district court concluded that Peters had not made out a *prima facie* case of disparate impact and that, although he had made out a *prima facie* case of disparate treatment, defendants had successfully rebutted the inference of discrimination. *Peters v. Lieuallen,* 568 F.Supp. 261 (D.Or.1983). Accordingly, the court entered judgment for defendants on all counts.

*Discriminatory Impact.*

■ In order to make out a *prima facie* case of disparate impact, the plaintiff must show that a facially neutral selection system has a significantly discriminatory impact on a group protected by Title VII. *See Connecticut v. Teal,* 457 U.S. 440, 446, 102 S.Ct. 2525, 2531, 73 L.Ed.2d 130 (1982). Here, the district court found that Peters

had failed to show that the Board's requirement that the Compliance Officer possess good written and oral communication skills, as judged by the search committee, had a significant discriminatory impact on blacks.

■ We do not find the district court's conclusion clearly erroneous. *See Contreras v. City of Los Angeles,* 656 F.2d 1267, 1272 (9th Cir.1981), *cert. denied,* 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982). Although Peters showed that only a small proportion of the Chancellor's office's employees were black, there was no evidence that the selection criteria at issue here were used in choosing among applicants for positions other than that of Compliance Officer. The facts that defendants used subjective criteria and that the search committee members were all white are not enough to show disparate impact. Peters must show the effect of these criteria on the defendants' work force. *See Ward v. Westland Plastics, Inc.,* 651 F.2d 1266, 1270 & n. 1 (9th Cir.1980).

*Disparate Treatment.*

The district court found that Peters had established a *prima facie* case of disparate treatment, but that the defendants had satisfied their burden of producing evidence of a legitimate, nondiscriminatory reason for rejecting Peters. 568 F.Supp. at 267; *see Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–56, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981). Ultimately, the district court concluded that Peters failed to demonstrate either that the defendants had been motivated by discriminatory intent, or that their proffered reasons for rejecting him were unworthy of credence. 568 F.Supp. at 268–69; *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095.

■ We do not find these determinations by the district court to have been clearly erroneous. The court considered the fact that other blacks were on the list of finalists for the Compliance Officer position, but did not give undue weight to this

factor. *See Peters v. Lieuallen,* 693 F.2d at 970. It considered the possibility that the defendants had "conspired to place less qualified blacks among the top five ranked candidates in order to insure that ... a white candidate would ultimately be selected," but found "no evidence of such a subterfuge by defendants." 568 F.Supp. at 268. Although the district court disagreed with some of the reasons the defendants gave for rejecting Peters, it found defendants' explanation rational and credible. *Id.* at 268–69. The fact that a court may think that an employer misjudged the qualifications of an applicant does not in itself establish a Title VII violation. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. at 259, 101 S.Ct. at 1096. The district court rejected Peters' contention that the woman hired for the Compliance Officer's position did not meet its qualifications, and we find that the record supports that conclusion.

*Claims Under 42 U.S.C. §§ 1981 and 1983.*

■ Since Peters has failed to demonstrate intentional discrimination on the part of the defendants, his race discrimination claims under 42 U.S.C. §§ 1981 and 1983 must also fail. *Firefighters Local Union No. 1784 v. Stotts,* — U.S. ——, 104 S.Ct. 2576, 2590 n. 16, 81 L.Ed.2d 483 (1984); *General Building Contractors Ass'n, Inc. v. Pennsylvania,* 458 U.S. 375, 388–391, 102 S.Ct. 3141, 3148–3149, 73 L.Ed.2d 835 (1982); *Washington v. Davis,* 426 U.S. 229, 239–241, 96 S.Ct. 2040, 2047–2048, 48 L.Ed.2d 597 (1976); *accord, Irby v. Sullivan,* 737 F.2d 1418, 1424 n. 7 (5th Cir.1984); *Beard v. Annis,* 730 F.2d 741, 744 n. 2 (11th Cir.1984); *Parker v. Board of School Comm'rs,* 729 F.2d 524, 528 (7th Cir.1984); *Knight v. Nassau County Civil Serv. Comm'n,* 649 F.2d 157, 161–62 (2d Cir. 1981), *cert. denied,* 454 U.S. 818, 102 S.Ct. 97, 70 L.Ed.2d 87 (1981).

The district court's judgment is AFFIRMED.