**Brenda S. BANKSTON, Plaintiff–Appellant,**

v.

**VALLEJO CITY UNIFIED SCHOOL DISTRICT; Steve A. Goldstone; Phil Saroyan; Tony Gross; Lender Golden; Sandra Lane, Defendants–Appellees.**

No. 99–16492.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM[2]

Brenda S. Bankston appeals pro se the district court's summary judgment dismissal of her 42 U.S.C. §§ 1981, 1983, and 1985, and state law actions. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a grant of summary judgment. *See Warren v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995).

Because Vallejo City Unified School District is a state agency, *see Belanger v. Madera Unified Sch. Dist.,* 963 F.2d 248, 254 (9th Cir.1992), and Bankston has not established a waiver of sovereign immunity

---

1. The panel unanimously finds this case suitable for decision without oral argument, and denies Bankston's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

or consent to suit, the district court did not err by granting Vallejo City Unified School District's motion to dismiss based on Eleventh Amendment immunity, *see Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 99–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

Because Bankston failed to raise a genuine issue of material fact regarding the truth of defendants' proffered reasons for her dismissal, the district court did not err by dismissing her section 1981 and 1983 claims. *See Peters v. Lieuallen,* 746 F.2d 1390, 1393 (9th Cir.1984).

Because Bankston is a probationary teacher, the district court did nor err by dismissing her due process claim. *See Clements v. Airport Authority of Washoe County,* 69 F.3d 321, 321 (9th Cir.1995); *Bd. of Educ. of the Round Valley Unified Sch. Dist. v. Round Valley Teacher's Assoc.* 13 Cal.4th 269, 52 Cal.Rptr.2d 115, 914 P.2d 193, 202–03 (Cal.1996) (a probationary teacher does not have a property interest protected by the due process clause).

Because Bankston failed to provide evidence of a race, class-based or invidiously discriminatory animus, the district court did not err by dismissing her section 1985 claim. *See Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

Because Bankston's federal claims were dismissed before trial, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over her remaining state claims. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

We decline to consider the harassment and defamation claims raised by Bankston for the first time on appeal. *See Int'l Union of Bricklayers v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985).

Because a frivolous argument is insufficient to support an award of sanctions under 28 U.S.C. § 1927, we deny defendants' request. *See Estate of Blas v. Winkler,* 792 F.2d 858, 860 (9th Cir.1986).

Appellees' request for attorney fees and cost under Fed. R.App. P. 38 is denied.

AFFIRMED.