**Gregory Lee CARTER, Plaintiff–Appellant,**

v.

**State of HAWAII et al., Defendants–Appellees.**

No. 00–15865.

D.C. No. CV–97–1634–SOM(BMK).

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001 *.

Decided Aug. 28, 2001.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Gregory Lee Carter ("Carter") appeals pro se the district court's summary judgment in favor of Appellees in Carter's action alleging, inter alia, discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e—2000e–17; and discrimination on the basis of race in violation of 42 U.S.C. §§ 1981 and 1983 and Hawaii Revised Statutes ("H.R.S.") §§ 368 and 378. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

We review the district court's entry of summary judgment de novo. *DeGrassi v. City of Glendora,* 207 F.3d 636, 641 (9th Cir.2000). The district court properly granted summary judgment on Carter's employment discrimination claims because Carter did not provide specific and substantial evidence that Appellees' proffered reason for not hiring him—poor interview performance—was a pretext for the universities' actions. *See Keyser v. Sacramento City Unified Sch. Dist.,* 238 F.3d 1132, 1142 (9th Cir.2001) (§ 1983); *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 892 (9th Cir.1994) (Title VII). Carter's "subjective" belief that he was more qualified than the other applicants, without more, is insufficient to avoid summary judgment, *see Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir.1983), as are his allegations that the universities used a subjective evaluation system in order to discriminate against non-Hawaiian applicants, *see Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1285 (9th Cir.2000). Because the failure to demonstrate pretext was fatal to Carter's Title VII, §§ 1981 and 1983, and H.R.S. §§ 368 and 378 claims, *see Peters v. Lieuallen,* 746 F.2d 1390, 1393 (9th Cir. 1984); *Sam Teague v. Haw. Human Rights Comm'n,* 89 Hawai'i 269, 971 P.2d 1104, 1114, n. 10 (Haw.1999), summary judgment was appropriate.

Additionally, the district court did not abuse its discretion in denying Carter's Rule 56(f) motion because Carter did not demonstrate that additional discovery would preclude summary judgment and why he could not "immediately provide 'specific facts' demonstrating a genuine issue of material fact." *United States v. One 1985 Mercedes,* 917 F.2d 415, 418 (9th

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Cir.1990); *see also Terrell v. Brewer,* 935 F.2d 1015, 1018 (9th Cir.1991).

AFFIRMED.