**Ed RICHARDS, individually,**
**Plaintiff–Appellant,**

v.

**CITY OF SEATTLE, a municipality;**
**Jorge Carrasco, an individual,**
**Defendants–Appellees.**

No. 08–35621.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2009.

Filed July 24, 2009.

John Sheridan, The Sheridan Law Firm, PS, SEATTLE, WA, for Plaintiff–Appellant.

Erin L. Overbey, Esquire, Fritz E. Wollett, Seattle City Attorney's Office, Seattle, WA, David Bruce, Rachel Farkas, Savitt & Bruce, LLP, Seattle, WA, for Defendants–Appellees.

Before: O'SCANNLAIN, KLEINFELD, and BERZON, Circuit Judges.

### MEMORANDUM *

Ed Richards appeals the district court's order granting summary judgment in favor of the City of Seattle and Jorge Carrasco. We affirm.

■ The district court properly found that Richards failed to establish a *prima facie* case of disparate treatment based on sexual orientation. The evidence that Carrasco acted with unlawful motive is "no more than speculation or unfounded accusation," which is insufficient to preclude summary judgment, and in any event is not evidence of causation for the suspension years later. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028–29 (9th Cir.2001). The anecdotal evidence about other disciplinary actions does not show Richards was treated "less favorably." Those disciplined employees were not shown to be "similarly situated" because they did not commit commensurately serious violations. *See Davis v. W. One Auto. Group*, 140 Wash.App. 449, 166 P.3d 807, 812 (2007).

■ Richards has also failed to make out a *prima facie* case of retaliation. Richards has not offered admissible evidence that there is the requisite "causal link" between his five-day suspension and the filing of his case or his serving as a witness for Wanda Davis. Defendants began investigating Richards' misconduct and notified him of the proposed disciplinary action months before he filed this action. Richards' belief that he was retaliated against for serving as a witness, based on inadmissible hearsay that he was viewed as "collateral damage," is not sufficient to avoid summary judgment. *See Carmen*, 237 F.3d at 1028–29.

---

* This disposition is not appropriate for publication and is not precedent except as provided

Richards has not established a *prima facie* case of hostile work environment because he has offered no evidence of any actions rising to the level of "harassment" that could be imputed to the defendants. *See Domingo v. Boeing Employees' Credit Union*, 124 Wash.App. 71, 98 P.3d 1222, 1228–29 (2004).

For the same reasons Richards has not made out claims of disparate treatment or retaliation, he has not shown a violation of 42 U.S.C. § 1983. As explained above, the disciplinary actions against other employees do not show "discrimination," much less intent on the part of defendants, because none of the employees are similarly situated. *See Sischo–Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1112 (9th Cir.1991); *see also Peters v. Lieuallen*, 746 F.2d 1390, 1393 (9th Cir.1984).

The district court's rulings on the various evidentiary issues were not an abuse of discretion. *Cf. Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir.1997).

**AFFIRMED.**