**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VINA YAZZIE,

               Plaintiff-Appellant,

v.

COUNTY OF MOHAVE and STEVE LATOSKI,

               Defendants-Appellees.

No.   16-16452

D.C. No. 3:14-cv-08153-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted February 5, 2019
Phoenix, Arizona

Before: HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

Vina Yazzie ("Yazzie"), a Native American woman, was fired from her position

at the Mohave County Public Works Department ("PWD") after failing a random drug

test while on duty. Yazzie appeals the adverse grant of summary judgment on her

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

race discrimination claims, brought under Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, 42 U.S.C.A. § 2000e *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. Reviewing *de novo*, *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1145 (9th Cir. 2017), we affirm.

1.    There was no error in granting summary judgment on Yazzie's Title VII and § 1981 claims. Defendants proffered a legitimate, non-discriminatory reason for terminating Yazzie's employment, namely her failed drug test. Thus, under the *McDonnell Douglas* framework, Yazzie was required to show that the proffered reason was pretextual, s*ee Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir. 2000), which she failed to do. Indeed, the record shows that the Public Works Director—the sole decision maker with regard to Yazzie's dismissal—uniformly terminated, or permitted resignation in lieu of termination, all PWD employees who failed drug or alcohol tests while on duty.[1]

2.    Because Yazzie failed to raise a triable issue of fact as to whether defendants were motivated by discriminatory intent, there was no error in granting summary judgment on her § 1983 claim for violation of her equal protection and due process rights. *See Peters v. Lieuallen*, 746 F.2d 1390, 1393 (9th Cir. 1984) ("Since

---

[1] Yazzie does not contend she should have been afforded the opportunity to resign in lieu of termination.

[plaintiff] has failed to demonstrate intentional discrimination on the part of the defendants, his [§ 1983 claim] must also fail.").

3.    Yazzie does not appeal the grant of summary judgment in favor of defendants Ramon Osuna, Kevin Stockbridge, or Warren Twitchel.  Accordingly, we GRANT their request to be dismissed from this appeal.

**AFFIRMED, and defendants Osuna, Stockbridge, and Twitchel are DISMISSED.**