Filed 6/27/25  Berry v. Pope Valley Union Elementary School District CA1/3
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CHARLES J. BERRY,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>POPE VALLEY UNION ELEMENTARY SCHOOL DISTRICT et al.,<br><br>        Defendants and Respondents. | A171352<br><br>(Napa County Super. Ct. No. 19CV000733)<br>ORDER MODIFYING OPINION AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

**THE COURT\*:**

It is ordered that the unpublished opinion filed herein on June 2, 2025, be modified as follows:

On page 4, the first sentence of the first full paragraph, the words "defendants were partially prevailing parties" are deleted and replaced with "defendants' entitlement to attorney fees as partially prevailing parties."

On page 5, the second sentence of the second full paragraph is modified to read: "Nothing required defendants to 'end this litigation' to be entitled to attorney fees as a prevailing party."

---

\* Fujisaki, Acting P. J., Petrou, J. and Rodríguez, J. participated in the decision.

1

On page 5, the fourth sentence of the second full paragraph, the words "a defendant must eliminate all factual issues to be considered a prevailing party" are deleted and replaced with "defendants were not entitled to attorney fees because ' "the same factual allegations remain to be litigated." ' "

On page 9, the third sentence of the second paragraph, the words "(*Payne v. Rader* (2008) 167 Ca1.App.4th 1569, 1576" are deleted and replaced with "(*Allen v. Cal. Mutual B. & L. Assn.* (1943) 22 Cal.2d 474, 485–486 ["As a general rule, all questions presented by the record must be raised upon the first appeal from an adverse ruling, as thereafter all matters within the scope of the action and relevant to the issues will be deemed to have been concluded by the judgment"];"

The petition for rehearing filed June 16, 2025, is denied. There is no change in the judgment.

Dated: <u>6/27/2025</u>          <u>Fujisaki, Acting P. J.</u>

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CHARLES J. BERRY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>POPE VALLEY UNION ELEMENTARY SCHOOL DISTRICT et al.,<br><br>    Defendants and Respondents. | A171352<br><br>(Napa County Super. Ct. No. 19CV000733) |

Charles J. Berry, representing himself, appeals a trial court order awarding Pope Valley Union Elementary School District (District) and Napa County Office of Education (NCOE, collectively defendants) attorney fees and costs for prevailing on an anti-SLAPP motion.  (Code Civ. Proc., § 425.16; undesignated statutory references are to this code.)  We affirm.

## BACKGROUND

The relevant history is set forth in our prior opinion, which we incorporate here by reference.  (*Berry v. Pope Valley Union Elementary School District* (Oct. 10, 2023, A165592) [nonpub. opn.] (*Berry*).)  We briefly summarize the facts and provide additional details below.

Berry filed a complaint against defendants, alleging claims arising out of his termination as a substitute teacher.  (*Berry*, *supra*, A165592.)  After

1

several demurrers, he filed a third amended complaint alleging malicious prosecution and undue influence against the District, and defamation, whistleblower retaliation, due process violations, equal protection violations under 42 United States Code section 1983, and abuse of process against both defendants. (*Berry*, *supra*, A165592.) Defendants moved to strike the claims under the anti-SLAPP statute. (*Ibid*.) The trial court struck the complaint against the District, and all claims against the NCOE except for the whistleblower claim. (*Ibid*.) It awarded the District and NCOE $8,507 and $5,494.50 in attorney fees, respectively. (*Ibid*.)

Berry appealed the order. We reversed as to his procedural due process and equal protection claims, vacated the attorney fee award, but otherwise affirmed. (*Berry*, *supra*, A165592.) We directed the trial court to reconsider the fee award due to the partial reversal. (*Ibid*.) On remand, the District sought $10,952 of its $12,242 lodestar for litigating the anti-SLAPP motion. In support, it submitted declarations executed under penalty of perjury that noted two attorneys — billing at rates of $235 and $225 per hour, respectively — spent 52.8 hours prosecuting the motion, approximately 10.4 of which were spent exclusively on the six causes of action that were ultimately dismissed, and another 36.8 hours on research, preparation, and other efforts overlapping with those claims. Similarly, the NCOE requested $6,919 of its total $7,807 in attorney fees incurred litigating the anti-SLAPP motion. The NCOE's counsel declared under penalty of perjury that they spent 41.6 hours on the anti-SLAPP motion, totaling $7,696 in fees. Of those hours, counsel spent eight exclusively on the three causes of action the court struck, and 29.4 hours on efforts that overlapped with those causes of action. They also noted a little more than four hours was spent exclusively on efforts

2

related to the causes of action that remain in the complaint.  Thus, it reduced its original request.

In opposition, Berry argued the declarations were untrustworthy — they constituted inadequate evidence, the attorneys should have submitted billing records to support their motion for fees, and the declarations were hearsay.  He also urged the trial court to conclude the anti-SLAPP fee-shifting provision violates the constitutional right to petition, constitutes an excessive fine, and that the forcible transfer of large sums of money based on scant evidence is a due process violation.

The trial court rejected Berry's arguments.  It further concluded defendants' relative success in achieving their objective on the anti-SLAPP motion was high.  Accordingly, it minimally reduced the District's requested fee award to $9,410 — $2,410 for fees exclusively incurred on the successful claims, and $7,000 in fees incurred on work overlapping with those claims.  It similarly noted only two causes of action against the NCOE remained after the anti-SLAPP motion, allowing the parties to "more realistically evaluate liability, damages, and future legal expenses."  It awarded the NCOE $5,980 of its original request, finding that it incurred $1,480 exclusively for claims that were successful and $4,500 for overlapping work.

## DISCUSSION

Defendants who prevail on an anti-SLAPP motion are entitled to reasonable attorney fees and costs.  (§ 425.16, subd. (c)(1); *Mann v. Quality Old Time Service, Inc.* (2006) 139 Cal.App.4th 328, 339 (*Mann*).)  Defendants who partially prevail "must generally be considered a prevailing party unless the results of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion."  (*Mann*, at p. 340.)  Partial success "reduces but does not eliminate the entitlement to attorney fees."

3

(*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1019–1020.) Determining whether a party prevailed on an anti-SLAPP motion is within the trial court's broad discretion. (*Ibid*.) We review an anti-SLAPP attorney fee award for an abuse of discretion, but we independently review whether the court used proper legal standards when making its fee determination. (*Frym v. 601 Main Street LLC* (2022) 82 Cal.App.5th 613, 619–620.)

## I.

Berry contends the trial court incorrectly determined defendants were partially prevailing parties. We disagree.

Citing *Mann*, the trial court assessed the extent to which the anti-SLAPP motion advanced defendants' litigation posture. (*Mann*, *supra*, 139 Cal.App.4th at p. 340.) It noted only two of the original eight claims remain after the anti-SLAPP motion. Indeed, the motion successfully eliminated defamation, malicious prosecution, abuse of process, whistleblower retaliation, and undue influence claims arising out of alleged conduct or statements by students, other employees, defense counsel, or Berry's own complaints about defendants' educational content. (*Berry*, *supra*, A165592.) Those claims have little factual or legal overlap with the remaining procedural due process and equal protection claims — that defendants failed to provide meaningful procedures before terminating Berry as a substitute teacher and they treated him differently based on his age and gender, respectively. (*Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 212 [requiring notice and opportunity to be heard to precede any deprivation]; *Peters v. Lieuallen* (9th Cir. 1984) 746 F.2d 1390, 1393 [plaintiffs must demonstrate defendants acted with intent to discriminate to prove a violation of federal equal protection clause].) Eliminating those claims thus "narrowed the scope of the lawsuit" and

limited discovery of the facts necessary to support the remaining claims. (*Mann*, at p. 340.)

The motion further "narrow[ed] the litigation with respect to" damages, particularly those based on defendants' statements made in the context of judicial proceedings, investigations, or other government agencies. (*Mann, supra*, 139 Cal.App.4th at p. 340 [noting defendants' reports to government entities precluded recovery on trade libel claim]; *O'Hara v. Storer Communications, Inc.* (1991) 231 Cal.App.3d 1101, 1115 [economic loss in employment and time lost from work are special damages in defamation cases]; *Sierra Club Foundation v. Graham* (1999) 72 Cal.App.4th 1135, 1158 ["Exemplary damages are available in tort actions"].) That Berry may recover damages on his remaining claims does not demonstrate defendants failed to prevail on the anti-SLAPP motion. Defendants recover fees and costs "only for the motion to strike, not the entire litigation." (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1320.) The achieved results were not " 'so insignificant that [the NCOE and District] did not achieve any practical benefit from bringing the motion.' " (*Lin v. City of Pleasanton* (2009) 175 Cal.App.4th 1143, 1159.)

Berry's contrary arguments fail to persuade. Nothing requires a defendant to successfully strike every challenged claim to be considered a prevailing party. (*Mann, supra*, 139 Cal.App.4th at p. 339.) Defendants' "lack of success on a portion of the motion" is "relevant to the amount of fees awarded," not the determination of whether they were prevailing parties. (*Ibid*.) And his contention that a defendant must eliminate all factual issues to be considered a prevailing party fares no better. Rather than citing case law or identifying factual issues that must be determined in his procedural due process and equal protection claims, he merely posits questions the court

5

must decide — e.g., "[d]id this fact contribute to the stigma necessary for a name-clearing hearing," (underscore omitted) "[i]s this fact something that Berry would proffer in a due process hearing to show his innocence" — before asserting "every fact is still on the table." We disregard the arguments given his failure to discuss the application of relevant legal authority to the facts of this case. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 [disregarding conclusory arguments unsupported by legal authority].)

Finally, we reject Berry's request to order defendants to pay his costs on appeal, before he pays any attorney fees to defendants as prevailing parties on the anti-SLAPP motion. As the trial court concluded, the relevant motion at issue was defendants' entitlement to fees under the anti-SLAPP statute, not enforcement of his costs on his prior appeal.

In sum, Berry has not demonstrated any error or abuse of discretion in the trial court's determination that defendants are prevailing parties.

## II.

Next, Berry challenges the sufficiency of the evidence supporting the attorney fee awards. We are unpersuaded.

First, Berry contends defendants improperly submitted declarations of counsel rather than billing records to support their attorney fee requests. Despite acknowledging there is no case law requiring parties to submit billing records, he argues the trial court should have drawn adverse inferences against defendants because the declarations were weak and less satisfactory evidence than billing records. (Evid. Code, §§ 412 [if "weaker and less satisfactory evidence is offered when it was within" the party's power "to produce stronger and more satisfactory evidence, the evidence offered should be viewed with distrust"], 413 [authorizing court to consider a party's willful

6

suppression of evidence when determining inferences to draw from the evidence against a party].) We disagree.

Anti-SLAPP attorney fee awards must be based on a " 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.' " (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131–1132; *Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 486.) Courts " 'have discretion to award fees based on declarations of counsel describing the work they have done and the court's own view of the number of hours reasonably spent.' " (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 698.) Declarations of counsel describing the work they have performed are not less satisfactory evidence than billing records. Courts " 'do not require detailed time records.' " (*Ibid.*) Indeed, courts should not " ' " 'become enmeshed in a meticulous analysis of every detailed facet of the professional representation.' " ' " (*Id.* at p. 699.) Consistent with this authority, defendants supported their fee requests with declarations that included attestations on the amount of time each attorney spent on each claim. Consequently, no adverse inference against defendants was required. Berry's conclusory invocation of the " 'best evidence available' " doctrine and citing cases for establishing lost profits or damages does not demonstrate otherwise. (See, e.g., *Elation Systems, Inc. v. Fenn Bridge LLC* (2021) 71 Cal.App.5th 958, 964; *Ojala v. Bohlin* (1960) 178 Cal.App.2d 292, 304; *Hutcherson v. Alexander* (1968) 264 Cal.App.2d 126, 135.) The lack of time records and billing statements did not deprive "the trial court of substantial evidence to support an award." (*Weber v. Langholz* (1995) 39 Cal.App.4th 1578, 1587.)

Second, we reject Berry's suggestion that the attorney fee award is improper because defendants did not demonstrate they paid their counsel.

7

Section 425.16 provides a "prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs." (*Id.*, subd. (c).)  This includes recovery of fees attorneys have *accrued* on a defendant's behalf.  (*Rosenaur v. Scherer* (2001) 88 Cal.App.4th 260, 283.) Defendants "need not have paid the fees in order to receive an award."  (*Id.* at pp. 285, 283 [construing § 425.16, subd. (c) "to permit recovery of attorney fees that are accrued by outside counsel representing a party on a partial pro bono basis, where counsel has not waived the right to seek recovery of the attorney fees from third parties, such as insurers, but only from the client"].) The declarations established defendants incurred attorney fees.  The verified statements of the attorneys' time " 'are entitled to credence,' " and Berry fails to identify anything demonstrating they were clearly erroneous.  (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 785.)

Relatedly, Berry contends the declarations are insufficient to support the attorney fee awards because they contain hearsay.  For instance, he argues one declaration submitted in support of the NCOE's attorney fee request improperly represented the time records of an associate no longer employed by the firm, the declaration lacks dates of purported billings, and it falsely claims personal knowledge of counsel's work.  Other declarations, he argues, are improperly based upon " 'information and belief,' " are being used despite the lack of any representations the billing records are lost or too voluminous, and are improperly based on attorney recollections.  But determining whether the declarations contained inadmissible hearsay is unnecessary because, "for the purpose of fixing attorney's fees," the trial court "is not bound by technical rules of evidence, since it is not trying an issue in the case and is merely seeking information upon which to base its order." (*Frank v. Frank* (1963) 213 Cal.App.2d 135, 138.)

8

Moreover, declarations from a single attorney, reviewing billing records and attesting to the work of others, may support fee requests. (See, e.g., *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 63–64; *Margolin v. Regional Planning Com.* (1982) 134 Cal.App.3d 999, 1007.) To the extent Berry challenges factual assertions in the declarations, including challenges to hourly rates, the court "presided over the entire matter and was well able to evaluate whether the time expended by counsel in this case, given its complexity and other factors, was reasonable." (*Syers Properties III, Inc. v. Rankin, supra*, 226 Cal.App.4th at pp. 700, 702.) We also do not address Berry's additional argument that defendants must demonstrate their fees by clear and convincing evidence, an argument that he makes for the first time on appeal. (*Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489.) The trial court did not err or abuse its discretion by relying on the declarations.[1]

## III.

Finally, we reject Berry's constitutional challenges to section 425.16's fee-shifting provision. First, there is no merit to his argument that the trial court erred by granting defendants' anti-SLAPP motion because they failed to demonstrate he intended to chill their free speech — according to Berry, a required anti-SLAPP element — and consequently, defendants are not entitled to fees. Berry should have challenged the order on those grounds in the prior appeal. (*Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1576; *Berry, supra*, A165592.) Allowing him to raise this issue now would improperly give him two appeals from the same order. (*Rader*, at p. 1576.)

---

[1] Berry challenges defendants' entitlement to attorney fees and use of the declarations; he does not address the amount awarded. Neither do we.

9

Second, section 425.16's fee-shifting provision is not an indirect restraint on Berry's constitutional right to petitions. It is intended to discourage "strategic lawsuits against public participation by imposing the litigation costs on the party seeking to 'chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" (*Ketchum v. Moses*, *supra*, 24 Cal.4th at p. 1131.) It "subjects to potential dismissal only those actions in which the plaintiff cannot 'state[] and substantiate[] a legally sufficient claim.'" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 93.) The statute does not hinder the "constitutional right to petition the court to redress legitimate grievances." (*Ibid*.) Similarly, the provision is content neutral, "primarily designed to *promote and encourage* protected conduct" — applying "to all unmeritorious lawsuits premised on acts taken in furtherance of the defendant's constitutional rights of petition or free speech, regardless of the point of view espoused by the plaintiff." (*Schroeder v. Irvine City Council* (2002) 97 Cal.App.4th 174, 196, 197.) Berry's reliance on section 425.17 — excepting certain causes of action arising from commercial speech or actions brought solely in the public interest — to demonstrate otherwise is misplaced. Those exceptions merely regulate or restrict a defendant's "'ability as a litigant to seek dismissal of certain lawsuits at a particular stage of the litigation,'" they do not regulate or restrict speech. (*Physicians Com. for Responsible Medicine v. Tyson Foods, Inc.* (2004) 119 Cal.App.4th 120, 130.)

Next, we reject Berry's argument that the trial court violated his due process rights by awarding attorney fees established by declarations. Governments must provide persons with due process, such as notice and opportunity to be heard in a meaningful manner, before depriving them of any property or liberty interest. (U.S. Const., 14th Amend.; Cal. Const., art. I,

10

§ 7, subd. (a); *Today's Fresh Start, Inc. v. Los Angeles County Office of Education, supra,* 57 Cal.4th at p. 212.) Berry has not demonstrated any violation of these constitutional provisions. (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894 [appellate argument forfeited when featuring "conclusory arguments"].)

Finally, the anti-SLAPP fee-shifting provision is not an excessive fine within the meaning of the Eighth Amendment — "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." (U.S. Const., 8th Amend.; see also Cal. Const., art. I, § 17.) The excessive fines clause "limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" (*Austin v. United States* (1993) 509 U.S. 602, 609–610, italics omitted.) That protection has no application here. The anti-SLAPP fee-shifting provision simply requires "the party that creates the costs to bear them." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 62.) It does not punish parties or make them liable for filing a complaint. (*Ibid.*)

## DISPOSITION

The order granting defendants' motion for attorney fees is affirmed. Defendants are entitled to their costs on appeal. (Cal. Rules of Court, rule 8.278 (a).)

11

_____
RODRÍGUEZ, J.


WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.


A171352; *Berry v. Pope Valley Union Elem. School Dist. et al.*

12